**SO ORDERED.**

**SIGNED this 02 day of April, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

DANIEL and PEGGIE BOONE,                           CASE NO. 11-06252-8-JRL

    DEBTORS.                                               CHAPTER 13

_____

ORDER

This matter came before the court on the debtors' objection to World Omni Financial Corp.'s ("World Omni") claim. A hearing was held on March 21, 2012 in Wilmington, North Carolina.

On November 30, 2009, the debtors entered into a loan agreement with World Omni for the purchase of a vehicle for $36,447.99, and World Omni took a security interest in the vehicle. On or around August, 2010, the debtors defaulted on the loan agreement with World Omni. After the default, World Omni took steps to repossess its collateral, the debtors' vehicle. The debtors received a letter dated August 30, 2010, informing them that World Omni would sell the vehicle at a private sale sometime on or after September 9, 2010. The letter also stated that the debtors could get their vehicle back by paying World Omni before September 9, 2010. The vehicle was sold at a private sale on September 16, 2010, for $19,100.00. The debtors filed a

voluntarily petition for relief under chapter 13 of the Bankruptcy Code on August 15, 2011. World Omni filed a proof of claim in the debtors case for $12,127.67 on October 11, 2011.

At the hearing, the male debtor testified that after receiving the letter, the debtors never attempted to contact World Omni. He also testified that the debtors could have taken money out of their retirement account to pay for the vehicle, but that process would have taken too long. The debtors never attempted to start the withdrawal process with the bank.

The debtors contend that they were not given reasonable notice prior to World Omni's disposition of its collateral. World Omni argues that it provided reasonable notice in accord with the Uniform Commercial Code ("UCC"). Section 611 of article 9 of the UCC as codified by N.C. Gen. Stat. § 25-9-611 requires a secured creditor provide "reasonable authenticated notification" to the debtor before disposition of the collateral. N.C. GEN. STAT. § 25-9-611. Pursuant to N.C. Gen. Stat. § 25-9-612, reasonableness is a question of fact, and a ten-day period is per se reasonable in nonconsumer transactions. N.C. GEN. STAT. § 25-9-612. North Carolina has not codified a specific amount of time that is per se reasonable in consumer transactions.

In support of the debtors' contention that the notice period was unreasonable, the debtors provided evidence that the notice was sent on August 30, 2010 and the notice stated that the debtors must pay the balance of World Omni's claim on or before September 9, 2010. The debtors argue that this was not enough time for the debtors to withdraw funds from a retirement account to pay World Omni. In addition, this time period included Labor Day, a national holiday, which made the likelihood that the debtors would be able to withdraw money from a bank more slim.

It is undisputed that the transaction between World Omni and the debtors is a consumer

transaction and is governed by article 9 of the UCC.  It is also undisputed that the debtors never attempted to contact World Omni after receiving World Omni's notice, and the debtors never initiated the process of withdrawing funds from their retirement account with the bank.  The court finds that World Omni's notice to the debtors was almost a verbatim copy of the North Carolina "safe harbor" provision codified in N.C. Gen. Stat. § 25-9-614.[1]  Thus, World Omni provided the debtors with sufficient information about the sale.  The court also finds that the notice period in this case is reasonable under the UCC.

Based on the foregoing the debtors' objection to World Omni's claim is **OVERRULED**.

**END OF DOCUMENT**

---

[1] This provision of the UCC provides a standard form that if used the court must find that sufficient information was provided to the debtor.